J-A03038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| VALERIE HUYETT | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DOUG'S FAMILY PHARMACY | |
| Appellee | No. 776 MDA 2014 |

Appeal from the Judgment Entered June 16, 2014
In the Court of Common Pleas of Berks County
Civil Division at No: 08-4706

BEFORE:  MUNDY, STABILE, and FITZGERALD,[*] JJ.

DISSENTING MEMORANDUM BY STABILE, J.:　　　　**FILED JUNE 18, 2015**

I respectfully dissent from the learned Majority's decision.

Under the American Rule, applicable in Pennsylvania, a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception. ***Trizechahn Gateway LLC v. Titus***, 976 A.2d 474, 482-483 (Pa. 2009) (citation omitted).  The Pennsylvania Legislature has provided that after a trial in an action brought under the Pennsylvania Human Relations Act ("Act"),[1] a trial court may in its discretion award attorney's fees.  Section 12(c.2) of the Act provides:

---

[*] Former Justice specially assigned to the Superior Court.

[1] Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. § 953, *et seq.*

> If, after a trial held pursuant to subsection (c), **the court of common pleas finds** that a defendant engaged in or is engaging in any unlawful discriminatory practice as defined in this act, **the court may** award attorney fees and costs to the prevailing plaintiff.

43 P.S. § 962(c.2) (emphasis added). For the present purposes, two predominant features of this statute require deference to the trial court. First, the clear language of this statute provides that it is the trial court that is independently to find whether any unlawful practice was engaged in or is being engaged in before considering whether to award counsel fees to a prevailing plaintiff. Second, even if an unlawful practice was found or is found to exist, an award of fees by the trial court is still nonetheless, discretionary. Use of the term "may" signals the legislature's intention to rest the award of counsel fees and costs within the discretion of the trial court. *Hoy v. Angelone*, 720 A.2d 745, 751 (Pa. 1998). This interpretation is in accord with the statutory construction act which mandates that when the terms of a statute are clear and free from ambiguity, the court shall not disregard the letter of the statute to pursue its spirit. *Id.* (citing 1 Pa.C.S.A. § 1921(b)). Because it is within the prerogative of the legislature to prescribe when and under what circumstances counsel fees may be awarded, it follows the legislature also may provide that a trial court may, independent of any jury, make its own determination for fee purposes. It has precisely done so here.

In its separate independent review of the evidence, the trial court did not find the testimony of Stephanie Mitchell to be credible. It was upon this basis that the trial court, as it was entitled, denied an award of counsel fees to the plaintiff. Contrary to the Majority, I do not find the jury verdict in plaintiff's favor to be controlling on the issue of counsel fees. Pursuant to statute, the trial court was free to engage in its own analysis of the evidence. As in **Hoy**, the trial court weighed the verdict against the evidence and determined, in its discretion, that an award of counsel fees was not appropriate. I do not read **Hoy** as narrowly as the Majority by limiting the effect of that decision to the particular weighing of the evidence in that case. The Supreme Court's holding in **Hoy** initially and principally decided that the legislature was clear that it was within a trial court's discretion to award counsel fees. I find no support anywhere in **Hoy** that a trial court must defer to a jury's weighing of the evidence when performing its independent review for fee purposes under the Act.

Nor do I find the majority's reliance upon **Martin v. Evans**, 711 A.2d 458 (Pa. 1998), to be apposite. In **Martin**, our Supreme Court granted review to examine whether the trial court abused its discretion in granting a new trial based on its determination that the verdict was against the weight of the evidence. **Martin** was a personal injury suit. The parties presented conflicting testimony relating directly to the issue of negligence, and the jury concluded that the defendant was not negligent. Because the verdict rested

on a credibility determination, the Court held that the trial court usurped the jury's responsibility by disregarding its finding that the defendant was not negligent. Determining whether a jury's verdict is supported by the weight of the evidence is wholly different from the present situation. Here the trial court's authority to award fees is not dependent upon a review of the jury's decision. Instead, the legislature has vested in the trial court the fact-finding function to determine if it believes any unlawful practice was or is being committed, and then whether in its discretion counsel fees should be awarded. We are not dealing with a trial court's review of a jury verdict here, and therefore I do not find **Martin** to be applicable.

Because I believe the trial court acted within its sole authority under Section 12(c.2) of the Act, and it articulated a rational basis for its decision, I find no abuse of discretion by the trial court in denying an award of attorney's fees in this case. I therefore respectfully dissent.